# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NORMA MOLINA-PALACIO,

    Defendant.

Case No. 3:18-CR-190

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

## REPORT AND RECOMMENDATION[1]

This case came before the Court for plea proceedings on January 8, 2019 following referral to the undersigned pursuant to Fed. R. Crim. P. 59. Assistant United States Attorney Andrew Hunt appeared on behalf of the Government. Federal Public Defender Attorney Thomas Anderson appeared and represented Defendant. Defendant, through counsel, orally consented to proceed before the United States Magistrate Judge for the plea hearing. Marina Comacho, a Vocalink Spanish language interpreter, was also present in Court and interpreted the proceedings for Defendant. Defendant acknowledged that she understood the Spanish language interpreter and expressed no concerns over the translation of the proceedings.

The undersigned examined Defendant under oath as to her understanding of the Plea Agreement, which Defendant acknowledged in open court. The undersigned also examined Defendant under oath concerning the effect of entering a plea pursuant to that agreement. Having conducted that colloquy, the Magistrate Judge concludes that Defendant fully understands the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

rights waived by entering a guilty plea, fully understands all possible immigration consequences arising from that plea, and is fully competent to enter a guilty plea.

Based on the foregoing, the Magistrate Judge concludes that Defendant's guilty plea to Count 1 of the Information (Doc. 11) is a knowing, intelligent and voluntary plea. The Court also concludes that the Statement of Facts made a part of the Plea Agreement, the truth of which Defendant acknowledged in open court, provides a sufficient factual basis for a finding of guilt.

It is therefore respectfully **RECOMMENDED** that: (1) the Court accept Defendant's guilty plea to Count 1; and (2) Defendant be found guilty as charged in Count 1 of the Information.

Anticipating the District Court's adoption of this Report and Recommendation, the Magistrate Judge referred Defendant for a pre-sentence investigation, and remanded her to the custody of the United States Marshal. The Court advised both sides of the sentencing date: February 22, 2019 at 1:30 p.m.

Date: January 8, 2019              s/Michael J. Newman
                                                         Michael J. Newman
                                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).